# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DAVID RODRIGUEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **The Honorable POLLY SPENCER, in** | § | **SA-11-CV-1033 XR** |
| **her judicial and individual capacities;** | § | |
| **The Honorable DAVID PEEPLES, in his** | § | |
| **judicial and individual capacities;** | § | |
| **SYLVIA R. RODRIGUEZ, in her Texas** | § | |
| **appointed guardian and individual capacities;** | § | |
| **TEXAS DEPARTMENT OF FAMILY** | § | |
| **AND PROTECTIVE SERVICES, in its** | § | |
| **Texas agency and individual capacities;** | § | |
| **SHARON MICHELLE TIJERINA, as** | § | |
| **Employee of Texas Department of Family** | § | |
| **and Protective Services, individual capacities;** | § | |
| **RICHARD BARRERA SILLER, Texas** | § | |
| **officer of the court and individual capacities,** | § | |
| | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION

**TO:   Honorable Xavier Rodriguez**
**United States District Judge**

This report and recommendation recommends dismissing this case under

28 U.S.C. § 1915 for lack of subject matter jurisdiction.  On December 2, 2011, plaintiff

David Rodriguez asked to proceed in forma pauperis[1] (IFP) and presented a proposed complaint. The district judge referred Rodriguez's motion to me. I screened the case under section 1915(e) and determined the court lacks subject matter jurisdiction over Rodriguez's claims.

**Dismissal under 28 U.S.C. § 1915**. Under 28 U.S.C. § 1915, the court must screen an IFP complaint and dismiss the complaint if the court determines the complaint is frivolous or malicious or fails to state a claim on which relief may be granted.[2] This provision permits the court to dismiss those claims whose factual contentions are clearly baseless.[3] Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.[4] Similarly, the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[5] Analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the

---

[1]Docket entry # 1.

[2]28 U.S.C. § 1915(e)(2)(B).

[3]*See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

[4]*See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

[5]*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (citation omitted). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

recommendation is a fair process for dismissing a case.

**Nature of the case**.  Rodriguez complained about Bexar County Judge Polly Jackson Spencer's order appointing Rodriguez's sister as guardian of his mother's person and estate.  Rodriguez alleged that Judge Spencer formed a personal vendetta against him, denied him due process, deprived him of access to the courts, barred him from further filings, and imposed a $500 sanction.  Rodriguez moved to recuse Judge Spencer from his mother's guardianship proceeding, but Judge David Peeples denied the motion.  As defendants, Rodriguez named Judge Spencer, Judge Peeples, Rodriguez's sister, his sister's attorney, the Texas Department of Family and Regulatory Services, and a department employee who testified in the guardianship proceeding. Among other reasons why this case should be dismissed, this case should be dismissed as barred by the *Rooker-Feldman* doctrine.

**The *Rooker-Feldman* doctrine**.  Under the *Rooker-Feldman* doctrine, a federal court lacks jurisdiction to entertain a collateral attack on a state-court order.[6]  "When issues raised in a federal court are 'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction to conduct such a review."[7]  "The casting of a complaint

---

[6]*See Liedtke v. St. Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

[7]*Davis v. Bayless,* 70 F.3d 367, 375-76 (5th Cir. 1995).

in the form of a civil rights action cannot circumvent this rule, as absent a specific

delegation 'federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate

jurisdiction to review, modify, or nullify final order[s] of state court[s].'"[8]

Rodriguez styled his complaint as a civil rights case.  He alleged a denial of due

process, denial of access to the courts, denial of a jury trial, denial of the right to visit his

mother, and conspiracy to interfere with his civil rights.  He also alleged a state-law

claim for civil conspiracy.  As relief sought, Rodriguez asked the court to grant his bill

of review to set aside Judge Spencer's order.  The claims against all defendants flow

from the guardianship proceeding and Judge Spencer's state-court orders.

**The state-court orders**.  Judge Spencer's orders are attached to this report.  The

first order appoints Rodriguez's sister as permanent guardian of the estate and person

of Rodriguez's mother.  The order enjoins Rodriguez from filing "file any petitions,

motions, pleadings, notices, pleas, orders, suggestions, appeals, etc., without prior

Order of the Court."  The order grants the sister's motion for sanctions and directs

Rodriguez to pay the sister's attorney $500, plus court costs.  There is no question

Rodriguez challenges the order in this lawsuit.  Rodriguez's complaint identified the

cause number more than once in his complaint and complained about the his sister's

appointment and the sanction.

---

[8]*Liedtke*, 18 F.3d at 317.

4

Six months later, Judge Spencer entered the second order to enforce the sanction. The order permits Rodriguez to visit his mother at a licensed health-care facility of his sister's choice, for two hours on the first Sunday of each month, *"provided that his mother wishes to visit with him*."  Notably, the order provides that Rodriguez "is not to be left alone with his mother," and that "all visits shall be monitored by a registered nurse arranged by [Rodriguez's sister]."  There is no question that Rodriguez challenges the order in this lawsuit.

Rodriguez's allegations are inextricably intertwined with Judge Spencer's orders. Rodriguez wants this court to review Judge Spencer's orders and to set the orders aside. The court lacks subject matter jurisdiction to conduct such a review.

**Rodriguez's litigation history**.  Although this may be Rodriguez's first lawsuit in federal court, his litigation history supports a Rule 11 warning.[9]  Under the rule, a

---

[9]Fed. R. Civ. P. 11.  The rule provides the following:

By presenting to the court a pleading, …an …unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims…and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

litigant must certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances…it is not being presented for any improper purpose, such as to harass…" and that " the claims…are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."[10]  Rodriguez's litigation history suggests he filed this lawsuit to harass his sister.

In addition to suing his sister in this lawsuit, Rodriguez sued his sister, other family members, his sister's lawyer, and his sister's employer in state court.  Rodriguez complained about his sister's efforts to obtain guardianship of his mother's person and estate.  He referred to the guardianship proceeding in his petition and complained about Sylvia's false accusations to Adult Protective Services.  In many ways, his allegations mirrored his allegations in this case.  The state-court petition is attached to this report.

Rodriguez's litigation history indicates Rodriguez may continue to pursue litigation aimed at his sister's guardianship of his mother and her estate.  Judge Spencer's order barring future filings is telling.  A pre-filing injunction is an

_____

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….

[10]Fed. R. Civ. P. 11.

extraordinary sanctions that is imposed when other sanctions fail.  Because Rodriguez

may not appreciate the consequences of pursuing frivolous and/or harassing litigation

in federal court, I recommend warning Rodriguez under Rule 11.  The rule permits the

district court to sanction a litigant who violates the rule.

**Recommendation**.  Because this case is barred by the *Rooker*/*Feldman* doctrine, I

recommend dismissing this case under section 1915(e).  If the court accepts this

recommendation, Rodriguez's motion to proceed IFP (docket entry # 1) will be moot.

I also recommend warning Rodriguez under Rule 11.[11]  I recommend directing

Rodriguez to read Rule 11 and advising Rodriguez that the court may sanction him if he

violates Rule 11.

---

[11]Fed. R. Civ. P. 11.  The rule provides the following:

> By presenting to the court a pleading, …an …unrepresented party certifies
> that to the best of the person's knowledge, information, and belief, formed
> after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass,
> cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims…and other legal contentions are warranted by existing law
> or by a nonfrivolous argument for extending, modifying, or reversing
> existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so
> identified, will likely have evidentiary support after a reasonable
> opportunity for further investigation or discovery….

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[12]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[13]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

---

[12]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[13]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

legal conclusions accepted by the district court.

**SIGNED** on December 20, 2011.

_Nancy Stein Nowak_

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

STATE COURT PAPERS

CAUSE NO. 2010-PC-2639

| | |
|---|---|
| IN THE GUARDIANSHIP OF: | IN PROBATE COURT |
| MARIA I. RODRIGUEZ, | NUMBER 1 OF |
| AN INCAPACITATED PERSON | BEXAR COUNTY, TEXAS |

### ORDER APPOINTING SYLVIA RODRIGUEZ RODRIGUEZ PERMANENT GUARDIAN OF THE PERSON AND ESTATE OF MARIA I. RODRIGUEZ

On Monday March 21st, 2011, this Court heard the Application of Sylvia Rodriguez Rodriguez for Appointment as Permanent Guardian of the Person and Estate of her natural and biological mother, Maria I. Rodriguez, An Incapacitated Person (hereinafter referred to as "Ward"), and the Court Finds by substantial evidence that:

1. Ward was served with Citation which has been on file and returned as required by law;
2. Ward appeared in person and by and through her Court-Appointed Attorney Ad Litem, Raul X. Villarreal, an attorney licensed to practice law in the State of Texas;
3. Due notice of the Application for Appointment of a Permanent Guardian of the Person and Estate has been given as required by law;
4. Ward is a female born October 23rd, 1919;
5. Ward has no permanent guardian of her person and estate;
6. This Court has venue of this matter under the provisions of §610 of the Texas Probate Code;
7. The Court has jurisdiction of this matter;
8. The Court finds by a preponderance of the evidence that Sylvia Rodriguez Rodriguez is not ineligible to serve as Permanent Guardian of the Person ad Estate of a partially incapacitated person;
9. The rights of Ward and/or of Ward's property will be protected by such appointment; and,
10. The Court finds by clear and convincing evidence that Maria I. Rodriguez is incapacitated and lacks the necessary capacity as provided by the Texas Probate Code to care for herself and to manage the individual's property as a reasonably prudent person and that a permanent guardianship of both the person and estate should be granted.

It is accordingly, ORDERED, that Sylvia Rodriguez Rodriguez is appointed Permanent Guardian of the Person and Estate of Maria I. Rodriguez, An Incapacitated Person; that Letters of Guardianship be issued to her upon giving bond in the sum of eleven thousand dollars ($11,000.00) and taking the Oath of office within twenty (20)

Page 1 of 4

VOL 2058 PG 7779
M L''

days hereof, and the Clerk is hereby directed to issue Letters of Permanent
Guardianship to Sylvia Rodriguez Rodriguez when she has qualified according to law.

It is further, ORDERED that the Permanent Guardian of the Person and Estate
shall have legal authority and limited powers to: *do the following and all other rights full &     and authority of a guardian with full authority;*

a.     provide for the Ward's care, maintenance and support, including
employment and termination of caretakers or changing the Ward's living
situation to a protective environment;

b.     authorize appropriate medical treatment for the Ward for any mental or
physical disease or illness including adequate testing to diagnose and
treat such disease or illness;

c.     take charge and control of the person of the proposed ward, including
having physical possession of proposed ward, and to establish the ward's
legal domicile and place of residence;

d.     apply for, consent to and enroll the proposed ward in private or public
residential care facilities, including twenty four (24) - hour facilities or
nursing home facilities;

e.     apply for, and secure an identification card, social security card, veteran's
affairs card and any and all other identification documents for the
proposed ward;

f.     have access to any and all of the proposed ward's medical records, health
records, and protected health information, from any and all covered
entities pursuant to 45 C.F.R. 160-1 64 Health Insurance Portability and
Accountability Act (HIPAA). This power and authority applies to any and
all information governed by HIPAA and should be complied with by any
and all health-care providers and insurance companies that have provided
treatment, testing or services. A Protected Health Information regarding
ward's records is to be given the most liberal interpretation by ward's
health care providers and is to include any and everything regarding
proposed ward's health condition. This authority allows the guardian to
request and obtain copies of any of the protected health information,
including any chemical dependency records, AIDS/HIV testing, results or
treatment, and all other treatment, testing, or records that the guardian
deems necessary. This authority shall supersede any prior agreements
that ward may have executed with the ward's providers regarding access
or disclosure or lack thereof of ward's protected health information. This
power and authorization expires only upon a written revocation by this
Court delivered to the health care provider;

g.     sign a Do Not Resuscitate (DNR) Order on behalf of the proposed ward;

h.     allow access to and visitation with the Ward by interested persons, unless
such access and visitation are disruptive, in which case the Permanent
Guardian shall apply for supervised or more restrictive access and
visitation, to be determined by Order of this Court;

i.     collect and receive all income, including monthly social security and

VOL 2058 PG 7780

CAUSE NO. 2010-PC-2639

| | | |
|---|---|---|
| IN THE GUARDIANSHIP OF: | § | IN PROBATE COURT |
| | § | |
| MARIA I. RODRIGUEZ, | § | NUMBER 1 OF |
| | § | |
| AN INCAPACITATED PERSON | § | BEXAR COUNTY, TEXAS |

### ORDER FOR ENFORCEMENT OF SANCTIONS AGAINST DAVID RODRIGUEZ

On Monday August 22nd, 2011, this Court heard:

1.  David Rodriguez' Motion for Leave to File Motions For Enforcement and Contempt Against, and Removal of, Sylvia Rodriguez, the Permanent Guardian; and,
2.  Attorney Richard Barrera Siller's Motion for Enforcement of Sanctions against David Rodriguez.

Attorney Richard Barrera Siller, appeared in person and announced ready.

The Court, after examining the record and hearing the evidence and argument of Attorney Richard Barrera Siller, and David Rodriguez, finds that all the necessary prerequisites of the law have been legally satisfied and that this Court has jurisdiction of this case and of all the parties.

**IT IS THEREFORE ORDERED THAT:**

1.  David Rodriguez' Motion for Leave to File Motions For Enforcement and Contempt Against, and Removal of, Sylvia Rodriguez, the Permanent Guardian is denied;
2.  Attorney Richard Barrera Siller's Motion for Enforcement of Sanctions against David Rodriguez is granted. Specifically,

IT IS ORDERED THAT DAVID RODRIGUEZ PAY ATTORNEY RICHARD BARRERA SILLER SANCTIONS OF FIVE HUNDRED DOLLARS ($500.00) ON OR BEFORE AUGUST, 31ST, 2011; and,

3.  David Rodriguez may visit his mother for two (2) hours on the first Sunday of each month, provided that his mother wishes to visit with him.

In that regard, IT IS ORDERED THAT:

a.  all visits be conducted at a licensed health-care facility in San Antonio, Texas, only, selected by the permanent guardian, Sylvia

Page 1 of 2

VOL 2069 PG 5383

CAUSE NO. 2010CI-16600

| | |
|---|---|
| **DAVID RODRIGUEZ**<br>Individually and As Next Friend<br>of **PHILLIP RODRIGUEZ**,<br>**Plaintiffs** | § **IN THE DISTRICT COURT** |
| **VS.** | |
| |  |
| | § \_\_\_\_ **JUDICIAL DISTRICT** |
| **SYLVIA RODRIGUEZ** , Individually Joint<br>and Severally and as employee of **TRAVELOCITY**,<br>Law Office of **MATTHEW L. FINCH**, Joint And<br>Severally, **MARIA LOUISA ESCOBEDO**, Joint and<br>Severally, **MICHELLE KELLEY** , Joint and<br>Severally **HORTENCIA MARIE SANCHEZ**, Joint<br>and Severally. **CELESTE CUVILLIER** , Joint and<br>Severally, **TRAVELOCITY.COM**, Joint and Severally | |
| **Defendants** | § **BEXARCOUNTY, TEXAS** |

### PLAINTIFFS' ORIGINAL PETITION AND
### REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiffs', **DAVID RODRIGUEZ**, and **PHILLIP RODRIGUEZ** a minor , by

next of friend David Rodriguez, complain of **SYLVIA RODRIGUEZ, LAW OFFICE**

**MATTHEW L. FINCH, MARIA LOUISA ESCOBEDO, MICHELLE KELLEY,**

**HORTENCIA MARIE ESCOBEDO, CELESTE CUVILLIER,** and

**TRAVELOCITY** (hereafter, defendants), , and for cause of action would respectfully

show the Court as follows:

# I.

## JURISDICTION

This action but not limited to, is brought pursuant to the, Texas Civil Practice and

Remedies Code, Intentional Tort, Slander/Libel per se, and ."Bystander Claim". and

assault and battery, Texas Penal Code § 22.01

Jurisdiction and venue is proper as all defendants are residents of Texas or

conduct business in Bexar County Texas and all the causes of action alleged herein

occurred in Bexar County, Texas.

## II.

## PARTIES

Plaintiffs are individuals and are residents of Bexar County, Texas.

Defendant, Sylvia Rodriguez is an individual and conducts businesses for S&R Roofing,

Travelocity.Com out of her residence, 10454 Canyon Village, San Antonio, Texas, and

may be served with process at 10454 Canyon Village, San Antonio, Texas, 78245

Defendant Law Office of Matthew L. Finch is a law office, and has expertise in Elder

Law, and may be served with process at 123 S. Flores St., San Antonio, Texas, 78204

Defendant, Maria Louisa Escobedo is an individual and resident of Bexar County Texas

and may be served with process at 938 Hayloft, San Antonio, Texas, 78245 Defendant,

Michelle Kelley is an individual and resident of Bexar County Texas and may be served

with process at 1435 Creek Knoll, San Antonio, Texas, 78245 Defendant, Hortencia

Marie Sanchez is an individual and reside in Bexar County Texas address unknown at

this time,  Defendant Celeste Cuvillier is an individual and resides in Bexar County and

may be served with process at 626 Las Puertas San Antonio, Texas 78245 Texas.

Defendant, Travelocity. Com. L.P. is a foreign corporation duly organized and existing under the laws of the state of Delaware with its principle executive offices located at 15100 Trinity Blvd., Fortworth Texas, 76155, and may be served with process by serving its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

## III.

## DISCOVERY PLAN

This action is governed under Discovery Plan Level II pursuant to TRCP, Rule 190.3.

## IV.

## DISCLOSURE

Pursuant to Rule 194, of the Texas Rules of Civil Procedure you are requested to disclose within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (l)

## V.

All conditions precedent have been performed or have occurred.

## VI.

## ACTS OF EMPLOYEES/AGENTS

Whenever in this petition it is alleged that, defendant, Sylvia Rodriguez or other employees performed or participated in the act, Defendant, Sylvia Rodriguez and other employees acted or performed on behalf of and under the authority of the defendant, TRAVELOCITY.COM.

## VII.

### SPECIFIC FACTUAL ALLEGATIONS

Defendant Sylvia Rodriguez on the advise of her attorney on or about August ,
2010 devised, held a meeting   at her residence 10454 Canyon Village, San
Antonio, Texas and initiated, orchestrated an attack on Plaintiff's family of which
are the proximate cause of plaintiffs damages. The purpose was that by doing that,
it would make plaintiff seem he was keeping family members away and
exploiting, and misuse of power of attorney.    Defendant Sylvia Rodriguez called
Plaintiff on or about August 2010 and stated that she had retained defendant
Matthew L. Finch who advised her how to force our mother Maria I. Rodriguez to
go against her will and live at her residence and that she would obtain control of
our mothers finances by force. On Sunday August 15 my mother called me to tell
me that relatives had told her that Sylvia Rodriguez was going to send the
relatives to take her to her house and was going to take her property.  My mother
asked me if I could go over because she wanted to give me some papers. When I
arrived she was alone and frantic.  Sylvia Rodriguez had not shown up for her
turn to take care of our mother and she had threatened to take her to live at her
house and take her house.  My mother gave me a will and a deed to her house
which she had transferred to plaintiff on or about (10) yrs ago because Sylvia
Rodriguez's husband Samuel Rodriguez had attempted to trick her into signing
over the house to him, but my mother knew that he does that with the elderly from
the church where he is some kind of self proclaimed minister and did not fall for
his trickery. On August 16, I took the deed and recorded it and took possession

and ownership of the property. When I arrived at the property on August 16, 2010 sure enough there were around 10 family members mainly close to defendant, Sylvia Rodriguez. While I was looking at a room which I was going to clean and fix to live in at the property, defendant Maria Louisa Escobedo was called by one of the persons that were there presumed (Nicole Cuvillier) and when she arrived went to the room I was in with my wife and defendant, Maria Louisa Escobedo, pushed my wife out of the room, slammed the door shut and started screaming at me and stated that, defendant Sylvia Rodriguez had had a meeting at her residence where she was working for Travelocity, 10454 Canyon Village, San Antonio, Texas and couldn't come herself but sent her and the other family members and that they were going to take control of my mother and her money if I liked it or not. At that time I confronted defendant, Escobedo about she mistreating our mother when she stayed overnight. Defendant Escobedo became furious and stated to me that she could treat our mother the way she wanted because she was her mother. I told her she could not and told her I was going to report her to Adult Protective Services, she stated she didn't care and to even call the police because I was going to be arrested because Sylvia Rodriguez had everything taken care with her attorney (Matthew L. Finch). When I told defendant, Escobedo that she could not stay any longer at night if she was going to mistreat our mother, she went out of the room and yelled at our mother that she was not going to stay with her anymore at night and she would be alone and made our mother cry. Defendant Escobedo, started taking some belongings and when she was ready to go, plaintiff and his wife were sitting on the sofa next to the front

door and defendant, Escobedo had called her daughters, defendant, Michelle Kelly, and defendant, Hortencia Marie Sanchez and when they walked into my house they(Escobedo, Kelley, Sanchez, ) started attacking me and my wife and one of the other family members also joined the defendants in the attack, defendant, Celeste Cuvillier. I told my wife to call the police and the defendants hit my wife's hand and grabbed the phone from her hand, slammed it on the table and stated" you are not going to call the police", I had started calling the police so they came at me then my wife started to call the police again so they(Escobedo, Kelley, Sanchex, Cuvillier ran outside and left. On August 17, 2010 different family members made another attempt but were not violent, but I called the police anyway and the officer asked my mother if she wanted to go with them and my mother said no and the officer advised the family members they could not take her against her will so those family members left. On August 18, a Adult Protective Services agent and a San Antonio police officer came and stated that a complaint had been filed against me and at one point admitted Sylvia Rodriguez had made the report.

The Adult Protective Service could not confirm/verify the accusations because they were false and after talking to my mother alone confirmed/verified nothing was wrong and my mother to date is at my now residence and lives with me. On September 13, 2010 my mother was served with petition for application for guardianship, which was initiated by the court pursuant to Section §683 of the Texas Probate Code, on a letter from Sylvia Rodriguez with the same allegations she had made to the APS. The Court appointed a Guardian Ad Litem who made a

visit to my home an interviewed my mother and myself and he could not find anything wrong but stated he was going to request a mental examination of my mother and investigate a bit further before he made a recommendation to the court but really didn't see any wrongdoing.  Plaintiff asserts that all the allegations of defendant are false and defendant, Sylvia Rodriguez and her attorney, defendant, Mathew L. Finch are the main conspirators and motivators behind the attack on August 16, at my residence. Defendant Sylvia Rodriguez, elder law attorney, Mathew L. Finch committed a fraud on the court to attempt obtaining guardianship of my mother by making false allegations against me to avoid the costs of applying for guardianship and let the estate of my mother or the County pay the bill for guardianship.

## VIII.

Defendants, Maria Louisa Escobedo, defendant Michelle Kelley, defendant Hortencia Marie Escobedo, and defendant, Celeste Cuvillier   intentional, outrageous, reckless, wanton, action caused harm to plaintiff, David Rodriguez thus constitutes assault and battery a violation of Texas Penal Code § 22.01 and caused damages to plaintiff, David Rodriguez.

Further, the actions of defendant, Maria Louisa Escobedo, Defendant Michelle Kelley, Hortencia Marie Sanchez, and Celeste Cuvillier caused plaintiff Phillip Rodriguez a minor child a trauma.  Plaintiff, Phillip Rodriguez, upon seeing  his father scratched and his mother bruised, and mothers face bandaged caused him fear, and the feeling the culprits would return and cause harm to his parents and him thus constitutes a "bystander claim".

Further, defendant, Sylvia Rodriguez, made a false report and false accusations against plaintiff to the Adult Protective Services, which the Adult Protective Services representative, a Ms Sharon Tijerina, found not to be true and witnessed by Officer Menell Orosco, City of San Antonio Police Department. When defendant, Sylvia Rodriguez's malicious action with APS against plaintiff did not work, she turned around and called Visiting Physicians and made a false report that plaintiff's mother had an infection which she did not, as witnessed by the doctor that examined plaintiff's mother.

Further, defendant, Sylvia Rodriguez, continued her malicious, conniving actions and contacted and made a letter to the Probate Court of Bexar County and made the same false accusations against plaintiff David Rodriguez that she had made to APS which were also proved false by the court appointed guardian ad litem Mr. Rios from the law firm of Whatebecker and Rios. Such conniving malicious actions constitutes slander/libel per se and were committed with no other purpose than to cause harm to plaintiff David Rodriguez thus plaintiff as a result has incurred damages.

Defendant, Matthew L. Finch an Elder Law attorney advised and directed and devised the conniving, malicious actions of defendant, Sylvia Rodriguez, and the other defendants. It is clear to see that Matthew L. Finch has expertise in the area of Elder Law and knows how to maneuver around guardianship actions and costs. Defendant, Matthew L. Finch devised the malicious action to accuse plaintiff David Rodriguez of wrongdoing thus is the proximate cause of plaintiffs' damages joint and several with all the other defendants.

Plaintiff David Rodriguez because of the defendants' malicious actions as set out above has suffered damage to his reputation and has experienced threat of incarceration, fear, anxiety, mental anguish, and emotional distress.

Plaintiff, Phillip Rodriguez a minor child, because of the defendants' malicious actions as set out about has suffered mental anguish and emotional distress.

Plaintiffs' damages are within the jurisdictional limits of the court.

### VIII.

Plaintiffs' request exemplary damages as the defendants reckless actions were with malice and as determined by the trier of fact.

### DEMAND FOR JURY TRIAL

Plaintiffs' demand a trial by jury afforded the plaintiffs' by the Texas and United States Constitution and plaintiff's will pay the fee accordingly.

WHEREFORE PREMISES CONSIDERED, Plaintiffs' pray, that the defendants be brought forth to answer and on final hearing of this cause plaintiffs' have judgment against all the defendants of all plaintiffs' relief requested and any other further relief which plaintiffs' may be justly entitled to receive.

Respectfully submitted,

David Rodriguez for Plaintiffs'
330 Balboa
San Antonio, Texas
(210) 434-8773

Plaintiff David Rodriguez because of the defendants malicious actions as set out above has suffered damage to his reputation, has experienced threat of incarceration, fear, anxiety, mental anguish and emotional distress.

Plaintiff, Phillip Rodriguez a minor child, because of the defendants' malicious actions as set out above has suffered mental anguish and emotional distress.

Plaintiffs' damages are within the jurisdictional limits of the court.

§ 10.

Plaintiffs' request exemplary damages as the defendants reckless actions were with malice and as determined by the trier of fact.

DEMAND FOR JURY TRIAL

Plaintiffs' demand a trial by jury afforded the plaintiffs' by the Texas and United States Constitution and plaintiffs will pay the fee accordingly.

WHEREFORE PREMISES CONSIDERED, Plaintiffs' pray that the defendants be brought forth to answer and on final hearing of this cause plaintiffs have judgment against all the defendants for all plaintiffs' relief requested and any other further relief which plaintiffs may be justly entitled to receive.

Respectfully submitted,

510 Baylor
San Antonio, Texas
(210) 436-8711
SA

FILED
DISTRICT CLERK
BEXAR CO. TEXAS
2010 OCT -4 AM 8:49
DEPUTY