UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID RODRIGUEZ | § | |
| | § | |
| Plaintff, | § | |
| | § | |
| V. | § | CIVIL NO. SA-11-CA-1033-XR |
| | § | |
| POLLY SPENCER, ET. AL. | § | |
| | § | |
| Defendants | § | |

**ORDER**

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case (docket no. 2) and Plaintiff's objections thereto (docket nos. 6 and 7). After careful consideration and de novo review, the Court will accept the Magistrate Judge's Memorandum and Recommendation and dismiss this case.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On the other hand, any Report or Recommendation that is objected to requires de novo review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

1

The underlying factual basis for this lawsuit and two lawsuits filed in Texas state court appear to stem from Plaintiff's perception of how his elderly mother was being cared for. Prior to September 2010, police and Adult Protective Service agents responded to various calls regarding the safety of Plaintiff's mother, Maria I. Rodriguez.

Sometime prior to September 13, 2010, Maria I. Rodriguez was served with a petition for guardianship.[1]

On or about October 4, 2010, Plaintiff filed a pro se petition in state court[2] against his sister and various other individuals. He alleged that these individuals slandered him and committed an assault.

Ultimately, the Probate Court appointed Plaintiff's sister, Sylvia Rodriguez, as permanent guardian of Maria.[3]   On or about August 22, 2011, the Probate Court entered sanctions against Plaintiff David Rodriguez for his conduct in violation of that Court's previous orders.

On December 2, 2011, Plaintiff filed this federal lawsuit against his sister, Texas District Judge David Peeples[4], Probate Court Judge Polly Spencer, the Texas Department of Family and

---

[1] 2010-PC-2639, In the Probate Court Number 1 of Bexar County, Texas.

[2] 2010CI-16600, In the 288th Judicial District Court of Bexar County, Texas.

[3] Apparently on February 15, 2011, Plaintiff David Rodriguez filed a petition for writ of mandamus and an emergency motion for temporary relief with the Fourth Court of Appeals in San Antonio. The court denied the requested relief. *See* In re Rodriguez, Not Reported in S.W.3d, 2011 WL 649491 (Tex. App.-San Antonio Feb. 23, 2011, no pet. h.).

[4] Judge Peeples heard a motion to recuse Probate Court Judge Spencer filed by Plaintiff David Rodriguez. He denied the motion.

Protective Services (DFPS)[5], its employee Sharon Michelle Tijerina and attorney Richard Barrera Siller, who represented Sylvia Rodriguez in the probate court proceedings.

In this pro se complaint, Plaintiff alleges violations of 42 U.S.C. § 1983 (denial of due process) and 1985(3)(conspiracy to interfere with civil rights). He also attempts to assert causes of action for civil RICO, common law conspiracy and intentional infliction of emotional distress. He alleges that on March 21, 2011 there was a hearing in the probate court to "close the temporary guardianship", he did not receive notice of this hearing, that the Probate Judge "converted the guardianship to a permanent guardianship proceeding" and appointed his sister. He further complains that the Probate Judge imposed sanctions against him in that hearing and barred him from filing any further documents in the guardianship proceeding.

The Magistrate Judge issued a report and recommendation recommending that the case be dismissed for lack of subject matter jurisdiction stating that the case was barred by the Rooker-Feldman doctrine.[6]

---

[5]Plaintiff fails to directly assert any specific cause of action against the DFPS.

[6]"Under the Rooker–Feldman doctrine, 'federal district courts lack jurisdiction to entertain collateral attacks on state court judgments.' *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). A state court judgment is attacked for purposes of Rooker–Feldman 'when the [federal] claims are 'inextricably intertwined' with a challenged state court judgment,' *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 350 (5th Cir. 2003), or where the losing party in a state court action seeks 'what in substance would be appellate review of the state judgment.' *Johnson v. De Grandy*, 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). The doctrine, however, does not preclude federal jurisdiction over an 'independent claim,' even 'one that denies a legal conclusion that a state court has reached.' *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Weaver v. Texas Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011).

Plaintiff objects to the recommendation that his case be dismissed arguing that he is not attempting to challenge the guardianship decision, but is merely seeking redress for the violation of his due process rights (i.e. failure to receive notice of the March 21, 2011 hearing).[7]

This Court agrees with the Magistrate Judge that Plaintiff's federal claims are "inextricably intertwined" with a challenged state court judgment. Accordingly, Plaintiff's federal claims are barred by the Rooker-Feldman doctrine.

In addition, Plaintiff's claims against Texas District Judge David Peeples, Probate Court Judge Polly Spencer, and Texas Department of Family and Protective Services employee Sharon Michelle Tijerina would be barred by absolute or qualified immunity.

Plaintiff's sister and her attorney are not state actors for purposes of section 1983 and accordingly Plaintiff fails to state a section 1983 claim against them. Nor can Plaintiff state a section 1985(3) claim against them. "Federal courts that have addressed the conspiracy issue in the context of section 1985 have uniformly 'enforce[d] the ban on conspiracies in the attorney-client context' and held that a claim of conspiracy between a lawyer and his client cannot be stated under section 1985 when the lawyer has acted within the scope of his representation. *See Heffernan v. Hunter*, 189 F.3d 405, 413 (3rd Cir. 1999); *see also Farese v. Scherer*, 342 F.3d 1223, 1232 (11th Cir. 2003); *see also Travis v. Gary Community Mental Health Ctr., Inc.*, 921 F.2d 108, 111 (7th Cir. 1990)." *Jackley v. City of Live Oak*, Not Reported in F.Supp.2d, 2008 WL 5352944 (W.D. Tex. 2008).

---

[7]Plaintiff's objections are not quite that clear. Even though he claims he is not attacking the guardianship order, he makes numerous references to both the state court proceedings, attacks the Probate Judge's authority to sanction him and bar him from filing, the appointment of his sister, and his sister's refusal to allow him visitation rights.

Inasmuch as Plaintiff's federal claims fail against all of the defendants, this Court has no subject matter jurisdiction to entertain any of the state law claims asserted against Plaintiff's sister and her attorney.

## Conclusion

Plaintiff's suit is dismissed for the reasons stated above.

It is so ORDERED.

SIGNED this 27th day of February, 2012.

                                                  XAVIER RODRIGUEZ
                                                  UNITED STATES DISTRICT JUDGE